# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50385 | **DATE** | 2/27/2013 |
| **CASE TITLE** | Christopher Harris (#M-13843) vs. Officer Hammil, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Glenn's motion for summary judgment [#45] is granted. Plaintiff's motion to supplement the record [#82] is granted. Plaintiff's motion for summary judgment against Defendants Schott, Hammil, and Beverley [#80] is denied. Plaintiff's motions for injunctive relief [## 81, 93] are denied. Defendants Chandler, Dusing, Barnhardt, Allen, and Godinez' motion to dismiss [#54] is denied. Defendant Wahl's motion to dismiss [#87] is denied. Plaintiff's motion for appointment of counsel [#99] is denied without prejudice. Defendants Chandler, Dusing, Barnhardt, Allen, Godinez, and Wahl shall file their answers within thirty days of the date of this order.

■[ For further details see text below.]

Docketing to mail notices.

    The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and medical providers at Dixon Correctional Center and in Springfield, Illinois, have violated his rights by being deliberately indifferent to a serious medical condition. More specifically, the plaintiff alleges that he suffers from a seizure disorder and was consequently issued a low bunk permit. The plaintiff further alleges that on May 31, 2011, defendant Hammil refused to enforce the plaintiff's low bunk permit, leaving the plaintiff to sleep in a top bunk. The plaintiff alleges that he fell out of the top bunk and suffered injury to his head and back. The plaintiff alleges that defendant Heeley denied him transfer to the health care unit and defendant Glenn[1] improperly treated his injuries. The plaintiff alleges that defendant Schott failed to transfer him to another cell where he could have access to a lower bunk. With respect to the remaining defendants, Chandler, Dusing, Barnhardt, Berkeley, Wahl, Allen, and Godinez, the plaintiff alleges that although he notified them of his serious injuries, and the poor treatment he received, they did nothing to rectify the situation. This matter is before the Court for ruling on pending motions.

### Defendant Glenn's Motion for Summary Judgment

    Defendant Glenn moved for summary judgment [document no. 45], alleging that as an x-ray technician, and not a physician, she had no duty to treat the plaintiff, render an opinion, or report x-ray findings. She further argues that as an x-ray technician, she is precluded from providing the plaintiff with medical treatment or interpretation of any radiographic findings pursuant to Illinois' proscription on the unauthorized practice of medicine. *See* 225 ILCS 60/49.

    The plaintiff failed to comply with basic summary judgment filing requirements. Defendant Glenn filed statements of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Together with her motion for summary judgment, she included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment"

[document no. 59], as required by circuit precedent. That notice explained in detail the requirements of the Local Rules and warned the plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

(3) a concise response to the movant's statement that shall contain

(A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

(B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

Local Rule 56.1(b) (N.D. Ill.). The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings") (*citing Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Although pro se plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have ... repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1." *Cichon v. Exelon Generation Co*., 401 F.3d 803, 809 (7th Cir. 2005).

Despite the admonitions stated above, the plaintiff failed to file proper responses to defendant Glenn's statements of uncontested facts. Instead, the plaintiff has responded to only a handful of defendant Glenn's numbered statements within his own proposed statement of uncontested facts [document no. 51]. Within the plaintiff's proposed statement of uncontested facts, he repeats many of defendant Glenn's statements, adopting them as his own. Given the considerations stated above, the defendant's statement of facts is deemed admitted. The court views defendant Glenn's Rule 56.1 statements supported by the record and not properly rebutted by the plaintiff to be true and uncontested. Because the plaintiff is proceeding *pro se*, the Court will consider the factual assertions he makes in his response, but only to the extent that the plaintiff could properly testify about the matters at trial – that is, only with respect to those facts within the plaintiff's personal knowledge. See FED. R. EVID. 602. The Court also grants the plaintiff's motion to supplement [document no. 82] and considers those documents as part of the record submitted in support of the plaintiff's various motions.

## Background

Defendant Glenn is a radiographic technologist, employed by Wexford Health Sources, Inc., and working at Dixon Correctional Center (hereinafter, "Dixon"). During the relevant time period, the plaintiff was incarcerated at Dixon. The plaintiff alleges generally that defendant Glenn failed to properly treat his injuries, that she failed to provide him with access to a second opinion, and that she stated that he had a bend in his lower back area that was common for his age, failing to properly report the x-ray findings.

On May 31, 2011, the plaintiff fell from his top bunk, sustaining injuries to his back and head. On June 29, 2011, the plaintiff was seen by a physician, and the physician ordered x-rays for plaintiff and scheduled a follow-up examination for July 12, 2011.

On July 6, 2011, defendant Glenn took x-rays of the plaintiff's thoracic and lumbar spine. Dr. N. Yousuf reviewed the x-rays and issued a report regarding the x-ray findings. On July 12, 2011, the plaintiff was again seen by a physician for his follow-up examination, and the physician made note in his findings that he reviewed the x-ray results.

Defendant Glenn again took x-rays of the plaintiff's lumbar spine on April 5, 2012. The x-rays were again reviewed by Dr. N. Yousuf, who issued a report based on the x-ray findings. The plaintiff mentions defendant Glenn in three paragraphs in his amended complaint: ¶¶ 13, 16, and 20.1.

## Analysis

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106; *see also Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Because the plaintiff has attached medical records to his multiple pleadings indicating that he received treatment from medical professionals, including doctors, on multiple occasions, it seems clear he suffered from an objectively serious condition. He sustained an injury, which obviously required treatment, significantly affected his activities, and resulted in substantial and ongoing pain.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer*, 511 U.S. at 837. The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (*discussing Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Defendant Glenn argues in her motion that as a mere technician, forbidden to practice medicine, she had no duty to the plaintiff. However, x-ray technicians are sued under § 1983, and if the plaintiff provides evidence of deliberate indifference, he can prevail. *See Loosier v. Unknown*, 435 Fed. Appx. 302, 307 (5th Cir. 2010). However, the plaintiff has provided no such evidence against defendant Glenn in the case at hand. The plaintiff alleges improper treatment, a failure to provide a second opinion, when plaintiff requested one, and that defendant Glenn stated that the x-ray indicated that the plaintiff had a bend in his lower spine that was common for people of his age. However, neither an incorrect diagnosis nor a disagreement about the proper course of treatment alone is sufficient to show deliberate indifference. *See Chambers v. Mitcheff*, 2013 U.S. App. LEXIS 370 *14 (7th Cir. January 7, 2013) (unpublished); *citing McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010);

*Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010); *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

The evidence shows that defendant Glenn is a radiographic technologist. She saw the plaintiff and took x-rays of his back on two occasions: July 6, 2011, and April 5, 2012. Each time she x-rayed the plaintiff's back, she gave the x-rays to Dr. Yousuf for his review, and he issued a report based upon his findings. There is no evidence in the record that defendant Glenn was negligent or committed malpractice, let alone exhibited deliberate indifference to the plaintiff's medical condition. Accordingly, she is entitled to judgment as a matter of law.

### **Plaintiff's Motion for Summary Judgment**

Plaintiff has filed a motion for summary judgment against defendants Schott, Hammil, and Berkeley. Defendant Schott was the cell transfer coordinator at Dixon during the relevant time period. Defendant Hammil was a correctional officer in the plaintiff's cellhouse during the relevant time period whom the plaintiff asserts refused to enforce the plaintiff's low bunk permit. Defendant Berkeley is a nurse at Dixon, and the plaintiff alleges that she falsified his medical records to indicate that the plaintiff caused his own injuries. Plaintiff has included thirteen "statements of fact," and has attached offender requests, grievances, and medical progress notes that he believes are evidence of deliberate indifference.

Although the defendants made no response to the motion and its proposed statements of fact, the plaintiff's motion fails. The facts stated and evidence cited are insufficient to merit a finding of no remaining question of material fact meriting judgment for the plaintiff against these defendants.

As to defendant Schott, the plaintiff states that she was the transfer coordinator at Dixon during the relevant time period. In support of this proposition, the plaintiff cites to three "offender requests" that bear Defendant Schott's name. Plaintiff states that he made defendant Schott personally aware of the risk of his being forced to sleep on a top bunk, citing to the same "offender requests". While the "offender request" forms are addressed to defendant Schott, there is no indication that she received them, or that she made any kind of response. "[W]hen confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988). The evidence that plaintiff contends supports his statement that defendant Schott was aware of his need of a cell transfer does not prove that she had the requisite knowledge. As such, there is a material question of fact.

The plaintiff cites to the same "offender requests" to support his statement that defendant Schott "intentionally failed to transfer Pltf to another cell with a bottom bunk." [Document No. 80, ¶ 8]. With no evidentiary support as to defendant Schott's intent or knowledge, the statement is more conclusory and cannot support summary judgment. Conclusory statements of fact should be afforded no weight at the summary judgment stage. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Instead, the party alleging the fact must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations." *Gabrielle M. v. Park-Forest-Chicago Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003)(emphasis in original). Because the plaintiff has put forth no evidence that he has any knowledge as to defendant Schott's knowledge or intention, his proposed statement of fact is merely speculative. *See Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1267 (7th Cir. 1986); *accord In re Cohen*, 507 F.3d 610. 614 (7th Cir. 2007)(speculation is not evidence).

With respect to defendant Hammil, the plaintiff 's motion is similarly flawed. The plaintiff alleges that defendant Hammil had knowledge of his low bunk permit, but the evidence he relies on to support the fact gives no indication that Hammil had the requisite knowledge. [Document No. 80, Exhibit A]. While there are indications in the record that defendant Hammil had knowledge of the low bunk permit, the plaintiff's reference to the record does not support his proposed fact. As such, the plaintiff's motion is not in compliance with L.R. 56.1 (N.D. Ill.) and may not be granted. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are

not like pigs, hunting for truffles buried in briefs").

The moving party has the initial burden to show that the evidence is insufficient to establish a material element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The plaintiff has failed to bear this burden. Attached to his motion is a grievance [see Document No. 80, Exhibit E]. Contained within the grievance is the grievance officer's response, which states: "C/O Hammil confirmed the low bunk order as noted by Inmate Harris. Inmate Harris returned to his cell and chose to sleep on the top bunk. Any issues regarding cellmates refusing to give up a low bunk should have been brought to the attention of security staff." The plaintiff's own submission creates a question of fact as to whether he voluntarily gave up his low bunk. As there is a material question of fact, the plaintiff is not entitled to judgment as a matter of law as to defendant Hammil.

Finally, with respect to plaintiff's motion for summary judgment against defendant Berkeley, plaintiff's "facts" are merely argument and conclusion suggesting, but not establishing, that defendant Berkeley falsified the plaintiff's medical records to indicate that he caused his injury himself. In support of his allegation that the medical records were falsified, the plaintiff refers to his medical records themselves, generally, but provides no evidence that they were, in fact, falsified. Additionally, it is unclear to the Court how, even if defendant Berkeley *had* falsified the medical records, how this would impact the plaintiff's claim of deliberate indifference. As the plaintiff has provided no evidence that defendant Berkeley falsified his medical records, his motion for summary judgment is denied.

Because the plaintiff has made an insufficient showing that there are no material questions of fact, the Court denies his motion for summary judgment as to defendants Schott, Hammil, and Berkeley.

### **Plaintiff's Motions for Injunctive Relief**

The plaintiff has submitted two motions seeking injunctive relief from the Court, one relating to the medical treatment he is receiving at Dixon, and the other related to his allegations that he is the subject of retaliation based on the complaint he filed in this case. [Documents no. 81 and 93]. A district court must consider four factors in deciding whether a preliminary injunction should be granted. These factors are: 1) whether the petitioner has a reasonable likelihood of success on the merits; 2) whether the petitioner will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; 3) whether the threatened injury to the petitioner outweighs the threatened harm an injunction may inflict on respondent; and 4) whether the granting of a preliminary injunction will disserve the public interest. *Pelfresne v. Village of Williams Bay*, 865 F.2d 877, 883 (7th Cir. 1989). At the threshold, a plaintiff must show some likelihood of success on the merits and that irreparable harm will result if the requested relief is denied. If the plaintiff makes both showings, the court then moves on to balance the relative harms and public interest, considering all four factors under a "sliding scale" approach. *In re Forty-Eight Insulations, Inc*., 115 F.3d 1294, 1300 (7th Cir. 1997).

Regarding the plaintiff's motion for injunctive relief relating to the quality of medical care he has received from the defendants and at Dixon, generally, he cannot meet his burden. As stated previously, in order to succeed on an allegation of deliberate indifference to a serious medical condition, the plaintiff must establish more than any defendant's inadvertent error, negligence or even ordinary malpractice. *Duckworth*, 532 F.3d at 679. The negligent or inadvertent failure to provide adequate medical care is not actionable under 42 U.S.C. § 1983 because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. Furthermore, medical negligence is insufficient to demonstrate deliberate indifference. *See Foelker*, 394 F.3d at 513. However, a prisoner does not need to prove that the prison official "intended, hoped for, or desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

The plaintiff has attached medical documents to his motion for preliminary injunction that indicates ongoing and continual contact with medical personnel at Dixon, starting on June 1, 2011, and continuing at least through July of 2012, including medical progress notes indicating examination and treatment, prescriptions for medication and for medical testing, including x-rays, and referrals for physical therapy. [documents no. 42-1, 80,

and 82] While Plaintiff has also included ongoing grievances and correspondence indicating he is dissatisfied with the treatment he is receiving, the evidence indicates more of a disagreement with the course of his treatment than deliberate indifference. Neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). As the totality of care provided to the plaintiff from the time of his apparent injury strongly suggests that he may not be able to establish a question of material fact with regard to deliberate indifference, he certainly can not establish a likelihood of success on the merits of his claim at this point, and his motion for preliminary injunction is denied.

With respect to the plaintiff's second motion for injunctive relief, the plaintiff alleges that he is being subjected to retaliation by the defendants for filing this lawsuit. Initially, the subject of this law suit is deliberate indifference to a serious medical condition. To the extent that the plaintiff wishes to allege retaliation for filing suit, that would be a separate claim for the plaintiff to pursue in another law suit. While the plaintiff has attached some fifty pages of grievances, affidavits and supporting documentation to his motion seeking injunctive relief [document no. 93], it is unclear how each individual defendant has subjected the plaintiff to retaliation for pursuing his rights in this case. Further, judicial review of many of the tickets for purposes of issuing injunctive relief is impermissible if the plaintiff was found guilty of the ticket. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that "the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008), Additionally, if the plaintiff is being retaliated against, he has an adequate remedy at law in that he could file suit against the defendants he alleges are retaliating against him. As such, he cannot satisfy the requirements of injunctive relief and his motion is denied.

### Defendants' Motions to Dismiss

Turning to the defendants' motions to dismiss the complaint for failure to state a claim, it is well established that pro se complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication ... of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts-as well as any inferences reasonably drawn therefrom-in the light most favorable to the plaintiff. *Bell Atlantic Corp.*, 550 U.S. at 563 (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id*. at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.

2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

Defendants Barnhardt, Dusing, Chandler, Allen, and Godinez filed a motion to dismiss [document no. 54], alleging that the plaintiff had failed to allege sufficient personal involvement in his complaint. Liability under the Civil Rights Act requires a defendant's personal involvement in any alleged constitutional violations. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery. *Hildebrandt v. INDR, et al.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

The plaintiff alleges in his complaint that filed a grievance complaining about: (1) Hammil's alleged misconduct in not securing him a bottom bunk; (2) plaintiff's fall and subsequent alleged injuries; and (3) the lack of proper medical treatment for his injuries. The plaintiff alleges that he submitted the grievance and when he did not receive a satisfactory response, appealed the grievance to defendant Barnhardt, the grievance officer. He further alleges that defendant Chandler, the Warden at Dixon, concurred with defendant Barnhardt's grievance response, denying plaintiff relief. When he got no relief at the institutional level, the plaintiff alleges he appealed the grievance to the main office of the IDOC in Springfield, Illinois. The plaintiff alleges that defendants Godinez, the IDOC Director, and Allen, a member of the Administrative Review Board, responded to the grievance, denying him relief and failing to prevent further harm due to the failure to provide adequate medical care. With respect to defendant Dusing, the plaintiff alleges that Dusing met with him to complain about the situation, and although he had a duty to intervene to ensure that the plaintiff was receiving adequate medical care, he failed to do so.

A prison official, put on notice of a constitutional violation by a prisoner's communication, may or may not be potentially liable, depending upon whether, among other things, the official had responsibility for correcting the problem, had authority to correct it, or reasonably relied on someone else to do so. *See, e.g., Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)("a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition"). Each of defendants Chandler, Dusing, Barnhardt, Allen, and Godinez were put on notice that the plaintiff was alleging constitutionally inadequate medical care and had the authority to correct the situation. The plaintiff has alleged that they failed to take any action, and, liberally construing the plaintiff's complaint, the Court finds that the plaintiff has stated a claim against these defendants for deliberate indifference to a serious medical condition.

Defendant Wahl has also filed a motion to dismiss [document no. 87], arguing that the plaintiff has not pled specific facts about the medical care rendered necessary to state a claim for deliberate indifference. Defendant Wahl also argues that the plaintiff has failed to state a claim for deliberate indifference because back pain is not a serious medical condition, mandating treatment by a doctor. Seemingly in the alternative, defendant Wahl alleges that the plaintiff pleads that he received treatment for his injuries so defendant Wahl could not have been deliberately indifferent.

Defendant Wahl seems to be arguing that the plaintiff should be held to a higher pleading standard than is required by Fed. R. Civ. P. 8(a). . Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 554 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. While the plaintiff only mentions defendant Wahl in paragraphs 30 and 31 of his complaint, he alleges that she failed to provide him with medical care consistent with his injuries, after examining him and observing his pain and suffering. (See the plaintiff's complaint ¶ 31). There is no fact pleading requirement, and the plaintiff's allegation, while brief, places defendant Wahl on notice of the claim against her.

With respect to defendant Wahl's other arguments, it is clear from the plaintiff's allegations that he was seen by medical personnel, including doctors, for his injuries. A medical need is "serious" if has been diagnosed by a physician as mandating treatment or it so obvious that even a lay person would recognize the necessity of medical treatment. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The plaintiff's complaint, taken as a whole, indicates that he was seen by multiple medical personnel, was x-rayed, and prescribed treatment. Accordingly, the plaintiff has alleged an objectively serious medical condition. Defendant Wahl also argues that since the plaintiff pleads that he received treatment, he has pled himself out of court. However, The fact that a prisoner has received *some* medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.).

In short, the plaintiff's allegations, while brief, taken in the context of the complaint as a whole, are sufficient to state a claim against defendant Wahl. As the Court has denied both motions to dismiss for failure to state a claim, defendants Chandler, Dusing, Barnhardt, Allen, Godinez, and Wahl shall file their answers within 30 days of the date of this order.

Finally, the plaintiff has filed a motion for appointment of counsel [document no. 99]. The motion is denied. As Plaintiff has been instructed in prior orders, he has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and although Plaintiff represents to the Court that he suffers from physical injury, his current pleadings indicate that he has the presence of mind, intellectual capability and where-with-all to find assistance from fellow inmates more knowledgeable than he is, to continue representing himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007). Consequently, the Court denies his motion without prejudice to renewal should the case proceed to a point that assistance of counsel is appropriate.

1. The plaintiff incorrectly names defendant Glenn in his complaint as defendant "Glen."